IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STATE OF NEW YORK, by,
Attorney General Eric T. Schneiderman,

    Plaintiff,

v.                                                Civ. No. 09-827-LPS

INTEL CORPORATION,

    Defendant.

## MEMORANDUM ORDER

At Wilmington this 12th day of May, 2011, having reviewed the papers submitted in connection with Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) (the "Motion") (D.I. 87, 92), and Defendant's opposition thereto (D.I. 89), and having conducted a hearing regarding the Motion;

IT IS ORDERED that the Motion is DENIED for the reasons that follow:

1. **Background**

Plaintiff, the State of New York ("Plaintiff"), filed the Complaint in this action on November 4, 2009 against Intel Corporation ("Intel"). (D.I. 1) Intel answered the Complaint on January 5, 2010. (D.I. 14) On December 2, 2010, Plaintiff sought Intel's agreement to allow it to file an amended complaint, but Intel declined. (*See* D.I. 87 at 1) Thereafter, on December 9, 2010 – the deadline for amendment of pleadings contained in the Scheduling Order (D.I. 70 ¶ 2) – Plaintiff filed the instant motion (D.I. 87).

In its complaint against Intel, Plaintiff has asserted claims under the federal Sherman Act

1

(Claim One) and under two state statutes: New York's antitrust law, the Donnelly Act (Claim Two), and Section 63(12) of New York's Executive Law (Claims Three and Four). (D.I. 87 at 1; *see also* D.I. 1) Plaintiff's Motion relates only to its Donnelly Act and Executive Law claims. (*See* D.I. 87 at 2-4) By its Motion, Plaintiff seeks leave to "clarify these [state law] claims by more precisely delimiting the group of consumers on whose behalf the state of New York seeks such relief." (D.I. 87 at 3; *see also id.* at 2-4; D.I. 92 at 1) Plaintiff proposes modifications to three paragraphs of the complaint, numbers 263, 268, and 272.[1] (*See* D.I. 87 at 2-4; *see also* D.I. 92 at 1) The proposed amended paragraphs explicitly state that redress is sought on behalf of all "consumers, including small and medium businesses." (D.I. 87 at 2, 4; *see also* D.I. 92 at 1) As amended, therefore, the term "consumers" reflects the inclusion of not only natural persons and governmental entities, but also of small and medium businesses.[2]

Plaintiff submits that amendment is not untimely, futile, nor prejudicial to Intel. (*See* D.I.

---

[1]Specifically:

Paragraph 263 of the original complaint is a Donnelly Act claim for "treble damages on behalf of all New York consumers who suffered directly or indirectly as a result of Intel's illegal conduct." That paragraph is now amended to replace the unmodified term "consumers" with the words "consumers, including small and medium businesses."

Paragraphs 268 and 272 of the original complaint are an Executive Law claim "to recover damages sustained as a result of Intel's violation" on behalf of "all natural persons." That paragraph is now amended, parallel to the amendment of the Donnelly Act claim, to replace the term "natural persons" with the words "all consumers, including small and medium businesses."

(D.I. 87 at 3-4; *see also* D.I. 1; D.I. 87 at Exs. A & B)

[2]"Even under the amendment, small and medium businesses are included "only in their capacity as end-users of x86 microprocessors, not as dealers or resellers of such products." (D.I. 87 at 4)

2

87 at 5; D.I. 92 at 1-2, 4, 6, 10) Additionally, Plaintiff avers that its amendments were prompted by "newly discovered facts as to the extent of the economic harm caused by Intel's actions" and are not dilatory in nature. (D.I. 92 at 1; *see also id.* at 5; D.I. 87 at 5) Intel opposes the motion. (D.I. 89)

Briefing on the motion was completed on January 10, 2011 (D.I. 92), and argument was heard on May 3, 2011 (D.I. 153) (hereinafter "Tr.")).

### 2. **Legal Standards**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is coupled with either an unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the

3

amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

"[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks omitted). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial;" (2) "significantly delay the resolution of the dispute;" or (3) "prevent [a party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Cureton*, 252 F.3d at 273 (explaining a party may suffer undue prejudice if proposed amendment causes surprise or results in additional discovery, additional costs, or additional preparation to defend against new facts or theories alleged). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules," it is also true that "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273.

3. **Discussion**.

Prejudice. Plaintiff submits that the amendments are "discrete and limited and do not fundamentally change or alter its case," insisting "not a single allegation regarding Intel's alleged wrongdoing has changed." (D.I. 92 at 4; *see also id.* at 6 n.5 ("[Plaintiff] is not here adding any new claims, but clarifying claims it had previously asserted.")) Plaintiff also argues that "New York has a quasi-sovereign interest in redressing generalized harm to its economy when that harm is inflicted on business entities as well as natural persons and governmental entities." (D.I. 87 at 4) Further, "[i]ncluding small and medium businesses in the group of those New York seeks to protect from Intel's anticompetitive conduct is particularly appropriate here, where

4

Intel's conduct was directed at preventing competition which would have benefit[t]ed such businesses." (*Id.* at 5)

Intel, however, emphasizes that Plaintiff's proposed modifications represent an "expansion" rather than a "clarification" of the term "consumers." That is, Plaintiff's "amendment *adds* a new, undefined group of 'small and medium businesses' to the existing group of 'natural persons' represented in the original complaint. This change represents a significant *expansion* of New York's represented parties, thus enlarging the scope of any potential liability on its Donnelly Act and Executive Law claims."[3] (D.I. 89 at 1; *see id.* at 5) In Intel's view, "there is nothing about the term 'natural persons' – which appears in the Executive Law claims – that requires clarification. The term necessarily excludes the businesses that New York now seeks to add. Similarly, the common usage of the word 'consumer' – which appears in the Donnelly Act claim – necessarily excludes businesses. Thus, [Plaintiff's] request to insert 'small and medium businesses' – a vague term without uniform or standard definition – into the prior group of represented parties is a major expansion, not a clarification." (*Id.* at 4)

Intel adds that the terms "small and medium businesses," are undefined and indefinable, for both discovery and res judicata purposes. (*Id.* at 1, 5) As explained by Intel, for example:

---

[3] Intel also complains that prejudice will result from an enlargement of the claimed liability and damages period by more than a year, that is "by an additional 13 months, from November 4, 2009 (when [the] original complaint was filed) to December 9, 2010 – a period for which [Plaintiff] has consistently refused to provide any discovery." (D.I. 89 at 2; *see also id.* at 1, 3) Plaintiff subsequently clarified, however, that even if its proposed amendments are permitted, the damages period ends on December 31, 2009. (*See* D.I. 92 at 10; Tr. at 9-10)

> New York seeks to add representative claims on behalf of an
> undefined subset of the many thousands of businesses operating in
> its state – those businesses that are "small" or "medium." It is
> critical in any representative action that the parties potentially
> benefitting or being bound by the result be defined in an
> objectively ascertainable and manageable way. But no definition
> of "small and medium businesses" is provided in the amendment;
> thus Intel has no clear idea of the scope of represented parties in
> the newly proposed group, and New York businesses will not
> know with certainty whether claims are being asserted on their
> behalf. Even more importantly, no manageable and non-arbitrary
> definition is possible. This prejudices Intel by creating substantial
> uncertainty about the application of res judicata to any judgment
> and subverts the due process rights of the represented parties.

(*Id.* at 1-2; *see also id.* at 5-13)

In response to Intel's concerns, Plaintiff contends that it defines "small and medium business" to include New York entities (including not-for-profits) with less than 500 employees. In Plaintiff's view, this is a non-arbitrary definition which is objective and administrable, as well as consistent with the U.S. Small Business Administration's size standards (*see* D.I. 92 at 5 and n.4) and is "reasonably certain to inform those affected" (*id.* at 5).[4]

Having considered the parties' competing arguments, the Court concludes that Intel would be unfairly prejudiced from the amendment. The prejudice to Intel stems primarily from the expansion of the definition of "consumers" and "natural persons" embodied within the amendment, as well as the inherent ambiguity of the amendment. In terms of expansion, it is clear (and not really disputed by New York) that the original complaint distinguished between

---

[4] It also must be noted that New York's "definition" of "small and medium businesses" – namely, "all New York entities (including not-for-profits) with less than 500 employees" – does not appear anywhere in the proposed amended complaint. That definition is supplied only by New York's answering brief. (*See* D.I. 92 at 5; Tr. at 7)

6

"consumers" and "natural persons," on the one hand, and "businesses" on the other. (*See, e.g.,* D.I. 1, Cmplt. ¶¶ 52, 252; D.I. Tr. at 18-19) Plaintiff also conceded at the hearing that the term "natural persons" has been expanded to include small and medium businesses. (*See* Tr. at 4-5) Simply put, businesses were not represented entities in the original complaint, but would be if the amended complaint were permitted. To defend itself against the expanded allegations, Intel would have to expend significant additional resources to conduct discovery (*see, e.g.,* D.I. 89 at 11-13; *see also* Tr. at 15-17), potentially resulting in delay in the February 14, 2012 trial.

More troubling is the prejudice engendered by the ambiguity of New York's definition. As an initial matter, it appears that New York's "definition" is not actually a definition at all; it does not exclude anything. To say that "consumers" and "natural persons" means "consumers, including small and medium businesses" does not tell Intel anything about who is not a "consumer." Therefore, New York's "definition" does not tell Intel who is included in this suit. While New York is evidently of the view that "large businesses" with more than 500 employees are not part of this litigation (Tr. at 6), nothing about New York's definition of "consumers" yields this result.

Moreover, as Plaintiff acknowledged at the hearing, New York's definition is ambiguous as to whether businesses whose sizes changed during the damages period are included within this litigation under the proposed amendment. (Tr. at 6) It is also entirely unclear how employees would be counted: must they work in New York or live in New York or can they work anywhere in the world provided that a "small and medium business" has some operations in New York? Similarly, what if a business with less than 500 employees in New York has a non-New York office that makes all of its computer purchasing decisions? As Intel points out, "[t]here is just all

kind of questions. You can go on and on. The idea is who is the client for purposes of damages? For purposes of res judicata?" (*Id.* at 15)

Because of this ambiguity in the identity of the plaintiffs, Intel would be required, as a result of the amendment, to undertake significant discovery in an effort to better understand precisely whose claims against which it is defending itself. Moreover, any ambiguity remaining following such discovery (and there likely would remain much ambiguity) would prevent Intel from relying on any judgment in this case for res judicata purposes, compounding the prejudice to Intel. Hence, the Court finds that Intel would suffer undue prejudice if New York's proposed amendment were allowed.

Delay and Futility. As has been noted, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273. Such prejudice to Intel having been found, Plaintiff's Motion is denied. As a result, it is not necessary to resolve the other challenges Intel presents to Plaintiff's proposed amendment, namely those based on delay and futility.

With respect to the timing of the proposed amendment, however, the Court is aware, of course, that Plaintiff's moved within the time provided in the Scheduling Order. Nonetheless, because the proposed amendment would impose undue prejudice on Intel if permitted, and because the entire Scheduling Order was predicated upon the scope of the case as Plaintiff original pled it (i.e., without representing business entities), plainly the timeliness of the amendment under the Scheduling Order is not dispositive on the issue of whether amendment should, under all the circumstances, be permitted.

4. **Conclusion**. For the foregoing reasons, the Court concludes that an amended complaint under the circumstances is not appropriate. Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) (D.I. 87) is therefore denied.

                                                Honorable Leonard P. Stark
                                                UNITED STATES DISTRICT JUDGE