IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STATE OF NEW YORK, by,
Attorney General Eric T. Schneiderman,

      Plaintiff,

v.                         Civ. No. 09-827-LPS

INTEL CORPORATION,

      Defendant.

Richard L. Schwartz, Esquire, Emily Granrud, Esquire, Jeremy R. Kasha, Esquire, James Yoon, Esquire and Saami Zain, Esquire, OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK, New York, NY.

      Attorneys for Plaintiff.

Robert A. Van Nest, Esquire, Paula L. Blizzard, Esquire and Brook Dooley, Esquire of KEKER & VAN NEST, San Francisco, CA.

Donn P. Pickett, Esquire and Frank M. Hinman, Esquire of BINGHAM MCCUTCHEN LLP, San Francisco, CA.

Daniel S. Floyd, Esquire of GIBSON, DUNN & CRUTCHER LLP, Los Angeles, CA.

Joseph Kattan, PC, of GIBSON, DUNN & CRUTCHER LLP, Washington, DC.

Richard L. Horwitz, Esquire and W. Harding Drane, Jr., Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, DE.

      Attorneys for Defendant.

## **MEMORANDUM OPINION**

December 7, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is the Motion for Partial Summary Judgment on Statute of Limitations Grounds (Docket Item ("D.I.") 166 and, hereinafter, the "Summary Judgment Motion") filed by defendant Intel Corporation ("Intel" or "Defendant"). For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

Plaintiff, the State of New York ("Plaintiff" or "New York"), filed the complaint ("Complaint") in this action on November 4, 2009 against Intel. (D.I. 1) The Complaint alleges:

> Intel has engaged in a systematic worldwide campaign of illegal, exclusionary conduct to maintain its monopoly power and prices in the market for x86 microprocessors, the "brains" of Personal Computers ("PCs"). By exacting exclusive or near-exclusive agreements from large computer makers ("Original Equipment Manufacturers" or "OEMs") in exchange for payments totaling billions of dollars, and threatening retaliation against any company that did not heed its wishes, Intel robbed its competitors of the opportunity to challenge Intel's dominance in key segments of the market. This illegal behavior was highly detrimental to consumers, competition, and innovation.

(*Id.* ¶ 1; *see also id.* ¶¶ 2-9 (discussing, *inter alia*, Intel's alleged behavior and resulting harm)) Plaintiff asserts violations of Section 2 of the federal Sherman Act, 15 U.S.C. § 2 (Claim One), and two state statutes – (1) New York's antitrust law (the "Donnelly Act"), N.Y. Gen. Bus. Law § 340 *et seq.* (Claim Two), and (2) Section 63(12) of New York's Executive Law, N.Y. Exec. Law § 63(12) (the "Executive Law"), a statute permitting New York's Attorney General to seek relief with respect to certain "repeated fraudulent or illegal acts" (Claims Three and Four). (*See* D.I. 1)

New York's claims essentially fall into two categories: direct and indirect. (*See* D.I. 167

at 1-2; D.I. 215 at 1) "The direct claims allege that Intel overcharged OEMs for microprocessors, and that the OEMs assigned to New York any antitrust claims that they might have under assignment clauses in New York's computer purchase contracts." (D.I. 167 at 1; *see also* D.I. 1 ¶ 251) New York asserts its direct claims under both the Sherman and Donnelly Acts. (D.I. 167 at 1; *see* D.I. 1 ¶¶ 258, 261) The indirect claims assert that computer purchasers incurred indirect overcharges "because OEMs passed on microprocessor overcharges to consumers in the computer market." (D.I. 167 at 1) New York attempts to present these indirect claims not only on its own behalf, as well as on behalf of its local governments and agencies (as computer purchasers themselves) (so-called "Indirect Proprietary Claims"), but also on behalf of New York consumers who purchased computers (so-called "Indirect Representative Claims"). (*See* D.I. 167 at 1-2; D.I. 1 ¶¶ 261-63, 268, 272) The indirect claims asserted by New York are brought solely pursuant to state law. (*See* D.I. 167 at 2; D.I. 1 ¶¶ 261-63, 268, 272)

As to its state-based Donnelly Act and Executive Law claims, Plaintiff, as *parens patriae*, seeks redress on behalf of New York consumers-at-large, including natural persons and governmental entities. Specifically, in Claim Two of its Complaint, New York seeks to recover treble damages under the Donnelly Act on four separate grounds: (i) for harms allegedly suffered by the State itself as a purchaser of computers containing Intel microprocessors; (ii) as assignee of the claims previously owned by the OEMs that purchased Intel microprocessors; (iii) on behalf of New York non-state local entities that purchased computers containing Intel microprocessors; and (iv) on behalf of New York consumers who purchased computers containing Intel microprocessors. (*See* D.I. 1 ¶¶ 14, 259-63 and Prayer for Relief) Plaintiff's Executive Law claims seek to recover damages sustained as a result of Intel's alleged violations on behalf of "all

2

natural persons." (*See id.*) The Complaint alleges anticompetitive conduct dating back to 2001. (*See* D.I. 167 at 2; *see also* D.I. 1 ¶¶ 257, 260, 266, 270; D.I. 168, Declaration of Daniel S. Floyd, dated May 16, 2011 ("Floyd Decl."), at Nos. 14 & 15)

Intel answered the Complaint on January 5, 2010. (D.I. 14) On May 27, 2011, Intel filed its Summary Judgment Motion, seeking summary judgment on the basis that several of New York's claims fall outside the applicable limitations period. (D.I. 166) Specifically, Intel contends it is entitled to judgment on (a) direct Sherman Act damages claims for OEM microprocessor purchases occurring before November 4, 2005; (b) direct Donnelly Act and Executive Law damages and penalties claims for OEM microprocessor purchases occurring before November 4, 2006; and (c) all indirect damages and penalties claims based on computer purchases occurring before November 4, 2006.[1] (*See id.* at 1; D.I. 167)

After briefing on the motion was completed, the Court heard argument on October 27, 2011 (*see* Transcript of October 27, 2011 hearing (D.I. 247) (hereinafter "Tr.")).

## II. **LEGAL STANDARDS**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including

---

[1]The parties clarified at the October hearing that "November 4th" is the operative date, not "November 3rd," as some documents had erroneously stated. (*See* Tr. at 3, 5, 27-28, 56, 58)

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to

4

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

III. **DISCUSSION**

Intel seeks summary judgment on New York's claims that fall outside the applicable limitations period. The Court will grant Intel's motion.

A. **Sherman Act**

With respect to New York's Sherman Act damages claims for microprocessor purchases, there appears to be no real dispute that claims arising before November 4, 2005 are time-barred. New York acknowledges that "[a]s to its Sherman Act direct purchaser claims, New York does not dispute that the applicable statute of limitations is four years, extending back from the November [4], 2009 filing of its complaint." (D.I. 215 at 1; *see also* Tr. at 27)

B. **Donnelly Act and Executive Law**

With respect to New York's Donnelly Act and Executive Law damages and penalties claims for microprocessor purchases occurring before November 4, 2006, Intel contends there were no other proceedings operating to toll the limitations period. Intel further asserts that these claims are barred under Delaware's Borrowing Statute, 10 Del. C. § 8121, which requires the Court to apply the shorter of Delaware's statute of limitations or the statute of limitation of the state in which the claim arose. (*See* D.I. 166 at 1; D.I. 167 at 2-4; D.I. 218 at 2-6) Specifically, Delaware's Borrowing Statute provides:

5

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of *whichever is shorter*, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

10 Del. C. § 8121 (emphasis added).

The statute of limitations for antitrust claims under the Delaware Antitrust Act is three years. *See* 6 Del. C. § 2111 ("Any action to enforce this chapter shall be forever barred unless commenced within 3 years after the cause of action accrued. For purposes of this section, a cause of action for a continuing violation is deemed to accrue at any time during the period of such violation.").

New York asks the Court to apply New York's longer statutes of limitations: four years for the Donnelly Act claims, and six years for the Executive Law claims. New York contends these longer periods apply because the injury was suffered in New York, and the Complaint was filed here out of the interest of efficiency[2] rather than forum shopping. (*See* D.I. 215 at 2, 4-6; *see also* Tr. at 10-11, 28-29, 31-32, 56-57) The Court agrees with Intel, however, that the Borrowing Statute limits all of New York's state-law claims (both Donnelly Act and Executive Law claims) to a three-year recovery period.

---

[2]New York explains that its filing in Delaware is particularly efficient because Delaware is also the site of a pending multi-district litigation, *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL Docket No. 05-1717-LPS. (*See* D.I. 215 at 6) Also pending in this district is the member suit brought by Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. against Intel Corporation and Intel Kabushiki Kaisha, alleging antitrust claims under the Sherman Act and violations of the California Business and Professions Code. *See Advanced Micro Devices, Inc. v. Intel Corp.*, C.A. No. 05-441 (D. Del.) (filed June 27, 2005).

6

In reaching this conclusion, the Court must – as even New York concedes – "begin with the literal language of the [B]orrowing [S]tatute." (Tr. at 28) The language of the statute is clear. As between New York's and Delaware's statutes of limitations, the Court is to apply "whichever is shorter," which here is Delaware's three year statute of limitations. The statute contains no exception for when a party chooses to file suit in Delaware for purported "efficiency" reasons and Delaware's statute of limitations is shorter than the limitations period of the state in which the claim arose. New York, for whatever reason, chose to file in Delaware, so its claims must be analyzed pursuant to Delaware's forum laws. Those laws, again, require the application of the shorter limitations period of three years.

With respect to New York's indirect damages and penalties claims based on computer purchases occurring before November 4, 2006, New York argues that, "as to the natural persons for whom New York is seeking damages under its Donnelly Act *parens patriae* and Executive Law claims, the statute of limitations was tolled by the filing of a class action complaint containing Donnelly Act claims of which they were potential members at least as early as July 13, 2005." (D.I. 215 at 2; *see also id.* at 7-16) New York insists that the class action tolling doctrine under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), applies here under both Delaware or New York law. (*See* D.I. 215 at 2, 7-16; *see also* Tr. at 33-36)

Intel replies that the tolling doctrines on which New York relies are inapplicable here. In Intel's view, *American Pipe* provides for tolling only for a class action that follows an earlier class action that was denied because of lack of an adequate class representative. *See also Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004). The instant action, Intel contends, is not a class action, and the previously filed class action against Intel, *see Paul v. Intel Corp.*, C.A. No. 05-485 (D. Del.

7

(filed July 12, 2005), was not defeated due to lack of an adequate class representative. (*See* Tr. at 57; *see also* D.I. 218 at 1, 6-10)

The Court agrees with Intel's analysis of *American Pipe* and its non-applicability to this case. The instant case is not a class action. Moreover, there has been no determination in the earlier (and still pending) class action that there was an inadequate class representative. Therefore, the statute of limitations was not tolled.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Intel's Summary Judgment Motion. A separate Order, consistent with this Memorandum Opinion, will be entered.