```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                                 - - -
     STATE OF NEW YORK, by
 4   Attorney General Andrew M. Cuomo,   :    CIVIL ACTION
                                         :
 5              Plaintiff,               :
                                         :
 6         v.                            :
                                         :
 7   INTEL CORPORATION,                  :
     a Delaware corporation,             :    NO. 09-827 (LPS)
 8              Defendant.
                                 - - -
 9
                           Wilmington, Delaware
10                      Thursday, December 15, 2011
                           Telephone Conference
11
                                 - - -
12
     BEFORE:       HONORABLE LEONARD P. STARK, U.S.D.C.J.
13
     APPEARANCES:            - - -
14
                   NEW YORK STATE ATTORNEY GENERAL'S OFFICE
15                 BY:   RICHARD L. SCHWARTZ, ESQ.,
                         JEREMY R. KASHA, ESQ.,
16                       Deputy Attorneys General
                         (New York, New York)
17
                         and
18
                   NEW YORK STATE ATTORNEY GENERAL'S OFFICE
19                 BY:   KARLA SANCHEZ, ESQ.
                         Executive Deputy General - Economic Justice
20                       (New York, New York)

21                         Counsel for Plaintiff

22
                   POTTER, ANDERSON & CORROON, LLP
23                 BY:  RICHARD L. HORWITZ, ESQ.

24                       and

25                                  Brian P. Gaffigan
                                    Registered Merit Reporter
```

```
 1    APPEARANCES:  (Continued)

 2

 3             KEKER & VAN NEST, LLP
               BY:  ROBERT A. VAN NEST, ESQ.,
 4                  PAULA L. BLIZZARD, ESQ., and
                    BROOK DOOLEY, ESQ.
 5                  (San Francisco, California)

 6             and

 7             BINGHAM McCUTCHEN, LLP
               BY:  DONN P. PICKETT, ESQ., and
 8                  BRIAN C. ROCCA, ESQ.
                    (San Francisco, California)
 9
                         Counsel for Defendant
10

11

12

13

14

15

16

17

18

19

20                        - oOo -

21                 P R O C E E D I N G S

22             (REPORTER'S NOTE:  The following telephone

23    conference was held in chambers, beginning at 11:41 a.m.)

24             THE COURT:  Good morning, counsel.  This is

25    Judge Stark.  Who is there, please?
```

1             MR. SCHWARTZ:  On behalf of the State of New
2    York, your Honor, Richard Schwartz.  With me is my colleague
3    Jeremy Kasha, and also with me is Executive Deputy Attorney
4    General for Economic Justice, Karla Sanchez.  That is Karla
5    with a K, S-a-n-c-h-e-z.  We're putting in the necessary
6    papers today, your Honor, but I would like to orally move
7    Ms. Sanchez's pro hac vice admission so that she can
8    participate in this call.
9             THE COURT:  That's fine.  Subject to receipt of
10   the papers today, she will be admitted and she is certainly
11   can be heard during the call today.
12            MR. SCHWARTZ:  Thank you, your Honor.
13            MS. SANCHEZ:  Thank you, your Honor.
14            THE COURT:  Thank you.
15            MR. VAN NEST:  Good morning, your Honor, Bob Van
16   Nest for Intel.  I am hear with Paula Blizzard and Brook
17   Dooley; and also with me are Donn Pickett and Brian Rocca.
18            THE COURT:  Okay.
19            MR. HORWITZ:  And, your Honor, Rich Horwitz here
20   as well for Intel.
21            THE COURT:  Okay.  Thank you.  For the record,
22   it is our case of State of New York v Intel Corporation,
23   Civil Action No. 09-827-LPS.
24            We're here to talk about a couple of things.
25   First is Intel's motion to compel the 30(b)(6) deposition.

1  I say first though I don't know that we want to address that
2  first because the other thing is the request for a status
3  conference in light of some of the recent rulings and some
4  of the other pending motions and Intel's suggestion in a
5  letter that perhaps this case is now or should be set on a
6  different track.
7  　　　　　So we have time to address all of that here this
8  morning.  Actually, I think the best way to proceed would be
9  first to hear from Intel as to exactly where they think this
10 case is and then give New York a chance to respond to that,
11 and then we'll move on to the substance of the 30(b)(6)
12 question.
13 　　　　　So with that, let me turn it over to Intel.
14 　　　　　MR. VAN NEST:  Thank you, your Honor.  This is
15 Bob Van Nest.  Let me also thank the Court for allowing us
16 all to participate by telephone today.  It is a great
17 convenience to all of us.
18 　　　　　As I said in the letter, I think the case
19 effectively is over and the reasons for that are really two.
20 Based on your ruling on the state law claims, you ruled
21 that damages and penalties prior to November 4th of '06 are
22 barred and that affects not only all the consumers but the
23 New York entities that purchased indirectly through OEMs.
24 　　　　　For that group, there really are no claims for
25 injury or damages after November 04, '06.  The plaintiff's

1    expert report, which your Honor has heard quite a bit
2    about, states that Intel's supposedly exclusionary conduct
3    "diminished sharply" after June 30 of '06 and at that point
4    the market became significantly more competitive.
5            So not only does Dr. Warren-Bolton not identify
6    any damages or injuries occurring after that time, in other
7    words, within the limitations period, but he uses that
8    period as his benchmark to measure damages in the earlier
9    time.  He said this is the period that was competitive and I
10   am going to use that as a benchmark, and the injury and
11   damage he identifies are all earlier than June of '06.  So
12   there really are no remaining claims for consumers or for
13   New York entities that purchased indirectly.
14           All that is really left are claims on behalf of
15   manufacturers, the OEMs that they have, New York does, by
16   assignment.  They asserted those based on contracts with,
17   between OEMs and purchasers.  And your Honor ruled on those
18   claims that they're expired, barred prior to November 4th of
19   '05.  So it is a slightly larger window.
20           The problem is their expert presented no analysis
21   of injury or damage for that group at all for any period of
22   time.  He simply evaluated and calculated injury to the
23   indirect purchasers, consumers and New York entities.  He
24   didn't do any analysis of harm to manufacturers at all for any
25   period, and really there is nothing in the report that would

1    even allow one to calculate it.

2              These claims, they hold only by assignment.  He
3    didn't look at any contracts to determine what assignments
4    were made.  We know from the discovery that lots and lots
5    of purchases were made off the centralized contract by many
6    entities, both state and non-state.  And,

7              Dr. Warren-Bolton didn't tie any damage analysis
8    to that, didn't look at injury to the OEMs at all.  He only
9    presented a report based on injury to indirect purchasers
10   like consumers; and as to those, he didn't use contracts
11   at all.  He used census data, as your Honor may know from
12   looking at our Daubert motion and our summary judgment motion.
13   So there is no basis to tie any injury or damage to that group.

14             So our request I think would be that rather than
15   spend all this time and money and court resources going
16   forward, we set up a short schedule to get this issue teed
17   up and briefed.  We would be prepared to file a very short,
18   limit us to ten pages, summary judgment supplement by next
19   Friday, a week from tomorrow; allow New York a week to oppose.
20   We're all working over the holidays anyway on the pretrial
21   stuff.  Set a hearing in early January.

22             I think that based on what we see, both in the
23   expert report and in his deposition, and in your Honor's
24   rulings, the case is over.  And if we're right, there is no
25   reason to spend the next two months preparing for trial and

1   spending the time of the parties, their witnesses, and the
2   Court on pretrial.
3           So that's the guidance that we're seeking for
4   your Honor. That is the suggestion we have. We do have a
5   summary judgment motion, a number of them pending. They
6   have all been fully briefed, which is why we would need a
7   separate schedule to do this.
8           THE COURT: All right. Thank you. Let me hear
9   from New York.
10          MS. SANCHEZ: Thank you, your Honor. Karla
11  Sanchez.
12          So I just want to say up front that we are still
13  considering our options which we think are a little bit
14  broader than laid out by Intel. But I do want to respond
15  to some of the points.
16          First of all, it is correct your decisions have
17  essentially eviscerated our state law damages claims. As
18  it was explained, the expert's analysis only goes up to a
19  certain point of time and that does not overlap with the
20  remaining amount of time, given the statute of limitations
21  decision. So we do agree with that point.
22          We also acknowledge that the expert report does
23  not itemize the damages for the federal law claims which
24  are assigned claims, as was pointed out. So that is a much
25  smaller damages claim. And, yes, it would require or likely

1  require a revised report to address this new environment
2  that we find ourselves in.
3         That claim still does exist.  It is a damages
4  claim.  It would be something that would have to be tried to
5  the jury; and we do have various equitable relief, injunctive
6  disgorgement, restitution penalties left that we could decide
7  to try.
8         That being said, like I mentioned, we are looking
9  into our options.  Our view, of course, with all due respect
10 to your Honor, that we would like to be able to appeal at some
11 point those decisions that eviscerated those claims.  But in
12 the end, we are open and agreeable to looking for ways to
13 avoid unnecessary judicial resources going forward as long as
14 we have the time to try to contemplate all of our various
15 options.
16         THE COURT:  All right.  Ms. Sanchez, what kind
17 of time frame are you talking about?  Because we do have a
18 trial date set in February, I believe February 12th.  So how
19 much time does New York need to assess its options and
20 figure out which way it wants to go?
21         MS. SANCHEZ:  We'd like to have another week,
22 your Honor.
23         THE COURT:  And so to be concrete, what do you
24 propose happen a week from now?
25         MS. SANCHEZ:  We would propose either we would

1    submit a letter that would lay out a suggestion or convene

2    another call to discuss the status with your Honor.

3             THE COURT:  So my concern, I certainly don't

4    want to rush you into making a decision before you're ready,

5    but, on the other hand, the holidays are coming up.  Everybody

6    I am told is working hard and there is a lot of work to be

7    done on all sides if we're going to keep this trial date.

8             Are you prepared today to say that whatever you

9    decide, this case can't be ready for trial on the schedule

10   that it's set for currently?

11            MS. SANCHEZ:  We are working very hard, your

12   Honor.  And I am sure my staff would be very pleased that

13   you recognize that.

14            Obviously, we can always do what we can to get

15   ready, but we do think it would be the more prudent course

16   for everyone involved if the trial schedule was moved.

17            THE COURT:  Okay.  Now, mind you, I haven't

18   looked at my calender but I know that we're pretty jammed

19   up.  So if I took your two week trial date off in February,

20   I am not sure how soon I would be able to get you another

21   trial date.  Recognizing that, is it still New York 's

22   request that the trial date come off the calender at this

23   time?

24            MS. SANCHEZ:  Yes, your Honor.

25            THE COURT:  All right.  Well, let me see what

1   Intel's response is to that.  Go ahead, please.
2           MR. VAN NEST:  Well, your Honor, I certainly
3   echo what everyone said about hard work.  Everyone has
4   worked extremely hard, as I know your staff has as well.
5           What I would suggest is I am sort of agnostic
6   on whether the trial date comes off, but since New York is
7   asking for a week to consider its options, shouldn't we
8   perhaps keep the ball rolling by filing our motion in a week
9   or preparing it for filing in the event that the decision of
10  New York is to proceed forward?  That way, we wouldn't miss
11  any time and we could get this thing resolved if it is going
12  in that direction.  If you took the trial off, we would all
13  be focused on this issue, and we would be ready, prepared
14  to file something in a week pending hearing from New York.
15  That way, if they want to proceed, you have got our motion
16  and you can schedule an opposition and a hearing and maybe
17  we get this thing done.
18          THE COURT:  Right.  Ms. Sanchez, what is your
19  response to that?
20          MS. SANCHEZ:  That seems reasonable to us,
21  particularly if, once the trial date gets moved, we can
22  cease preparing for trial and we can really focus on how
23  to deal with the new circumstances.
24          MR. PICKETT:  Your Honor, this is Donn Pickett.
25          I hesitate to intervene but I do think that

1   moving the trial date at this point might cause the parties

2   not to focus on the immediate issue.  I think with the trial

3   date in place and staying in place for the next week at

4   least that everyone will focus on what has to happen rather

5   than let it lapse.

6              THE COURT:  Okay.  Well, here is what we will

7   do.  For now, I am not going to move the trial date, but I

8   am concerned that with the holidays and with the short time

9   frame we have between now and trial anyway and the issues

10  that we already have pending before we even see the new

11  summary judgment motion and whatever it is that New York

12  decides it might like to do.  I am concerned.  I am just

13  noting my concern as to whether, despite everyone's efforts,

14  we can still get everything done in time for trial in

15  February.  But if it is determined that there is something

16  left to try and that New York wants to go forward with that

17  trial, we'll all do our best to keep to that date.

18              So I am not taking it off the calendar for today,

19  but we are going to talk again next week.  So precisely what

20  need to happen between now and our conversation next week is I

21  am directing Intel that if they have a supplemental summary

22  judgment motion they wish to file, they need to file it by no

23  later than next Thursday, a week from today.  And,

24              On that same day, I also want to receive and

25  hereby order New York to file a letter indicating what its

1   request is as to how this case proceeds going forward.  And,
2            Then I'll get an order out later today with a
3   time for another teleconference like this one for some time
4   next Friday, and we'll figure out where we are and how to
5   proceed.
6            In light of all that, let me ask you, I guess it
7   is really a question first to Intel.  What does this do to
8   your 30(b)(6) request?  Is this something that requires
9   immediate attention or could it be deferred until next week?
10           MR. PICKETT:  This is Donn Pickett, your Honor.
11  I think it would make sense, given all this, to defer the
12  argument until next week.
13           THE COURT:  Is there any objection to that from
14  New York?
15           MS. SANCHEZ:  No objection.
16           THE COURT:  Then we will hold that issue in
17  abeyance, consider it on the agenda for next Friday, so it
18  may be that I need to hear argument on it next Friday.  That
19  will, of course, be subject to whatever else I hear between
20  now and then.
21           Is there anything else that we should talk about
22  at this point?  First from Intel.
23           MR. VAN NEST:  I don't believe so, your Honor.
24  We'll get a motion on file next Thursday, and look forward
25  to a time for a call on Friday.  Thank you.

```
 1                THE COURT:  Okay.  Ms. Sanchez, is there
 2    anything from New York?
 3                MR. SCHWARTZ:  Same here.  Thank you very much.
 4                THE COURT:  Thank you very much, counsel.
 5    Good-bye.
 6                MR. HORWITZ:  Thank you, your Honor.
 7                (Telephone conference ends at 11:57 a.m.)
 8
 9         I hereby certify the foregoing is a true and accurate
      transcript from my stenographic notes in the proceeding.
10
11                             /s/ Brian P. Gaffigan
                                 Official Court Reporter
12                                 U.S. District Court
13
14
15
16
17
18
19
20
21
22
23
24
25
```