```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
          STATE OF NEW YORK, by
 4        Attorney General Andrew M. Cuomo,    :    CIVIL ACTION
                                               :
 5                    Plaintiff,               :
                                               :
 6              v.                             :
                                               :
 7        INTEL CORPORATION,                   :
          a Delaware corporation,             :    NO. 09-827 (LPS)
 8                                             :
                      Defendant.
 9                              - - -

10                         Wilmington, Delaware
                          Friday, December 23, 2011
11                         Telephone Conference

12                              - - -

13        BEFORE:        HONORABLE LEONARD P. STARK, U.S.D.C.J.

14        APPEARANCES:               - - -

15                  NEW YORK STATE ATTORNEY GENERAL'S OFFICE
                    BY:  RICHARD L. SCHWARTZ, ESQ.,
16                       JEREMY R. KASHA, ESQ., and
                         EMILY GRANRUD, ESQ.
17                       Deputy Attorneys General
                         (New York, New York)
18
                         and
19
                    NEW YORK STATE ATTORNEY GENERAL'S OFFICE
20                  BY:  KARLA SANCHEZ, ESQ.
                         Executive Deputy General - Economic Justice
21                       (New York, New York)

22                         Counsel for Plaintiff

23                  POTTER, ANDERSON & CORROON, LLP
                    BY:  RICHARD L. HORWITZ, ESQ.
24
                         and
25                                      Brian P. Gaffigan
                                        Registered Merit Reporter
```

```
1    APPEARANCES:  (Continued)

2
                  KEKER & VAN NEST, LLP
3                 BY:   ROBERT A. VAN NEST, ESQ.
                      (San Francisco, California)
4
                      and
5
                  BINGHAM McCUTCHEN, LLP
6                 BY:   DONN P. PICKETT, ESQ.
                      (San Francisco, California)
7
                      and
8
                  GIBSON, DUNN & CRUTCHER, LLP
9                 BY:   JOSEPH KATTAN, P.C., ESQ.
                      (Washington, District of Columbia)
10
                           Counsel for Defendant
11

12

13                             - oOo -

14                     P R O C E E D I N G S

15          (REPORTER'S NOTE:  The following telephone

16   conference was held in chambers, beginning at 1:06 p.m.)

17          THE COURT:  Good afternoon, everybody.  This is

18   Judge Stark.  Who is there, please?

19          MS. SANCHEZ:  Your Honor, this is Karla Sanchez.

20   I'm here with my colleagues Richard Schwartz, Emily Granrud

21   and Jeremy Kasha from the New York Attorney General's Office.

22          THE COURT:  Okay.

23          MR. HORWITZ:  Good afternoon, your Honor.  It's

24   Rich Horwitz in Wilmington for Intel; and with me on the

25   line, Bob Van Nest from Keker & Van Nest.  He may have some
```

1       of his colleagues with him, Joe Kattan from Gibson Dunn and

2       Donn Pickett from Bingham McCutchen.

3                    THE COURT:  All right.  Thank you.  For the

4       record, it is our case of State of New York versus Intel

5       Corporation, our Civil Action No. 09-827-LPS.

6                    Today's call is a follow-up to last week's

7       discussion to discuss really the status of the case and New

8       York's request filed yesterday or at least a proposal as to

9       how to proceed.

10                   Let me say first off, I just got word within the

11      last five minutes of the filing by Intel today under seal.

12      I understand it may have been filed several hours ago but it

13      did not reach my attention until the last five minutes, and

14      so I have it in front of me but I see it's somewhat lengthy

15      and so candidly I have not read it but it's obvious from

16      its length there is a dispute here as to how to proceed.

17                   I don't know if I will be able to resolve anything

18      for you today in light of just now receiving the letter, but

19      since I do have you, let me let New York go ahead and outline

20      what it is you're proposing because in part I'm confused by

21      what you're proposing.  So I want to make sure I understand

22      what you are proposing and to the extent you are prepared to

23      respond to the opposition from Intel, you can go ahead and do

24      that as well.  So go ahead.

25                   MS. SANCHEZ:  Okay.  Thank you, your Honor.

1     So what we're proposing is given the recent

2  changes in the case, we will withdraw our federal law claims

3  with prejudice.

4     Given that is done, the Court would no longer have

5  original jurisdiction over this case.  The federal law claims

6  are obviously over these federal questions, and the State of New

7  York is not a citizen for purposes of establishing diversity

8  jurisdiction so any grounds for original jurisdiction would be

9  gone.

10     THE COURT:  Let me just stop you there, Ms. Sanchez.

11     MS. SANCHEZ:  Sure.

12     THE COURT:  Because you have already clarified I

13  think one point that was not clear from your letter.  You're

14  asking that the Court dismiss all of your federal claims

15  with prejudice.  Correct?

16     MS. SANCHEZ:  Correct.

17     THE COURT:  Then would you have any right of

18  appeal at that point from anything that the Court has done

19  on your federal claims?

20     MS. SANCHEZ:  On the federal claims?  No.

21     THE COURT:  And you would not be able to turn

22  around and file those federal claims in any other federal

23  court or state court; correct?

24     MS. SANCHEZ:  That would be correct.

25     THE COURT:  All right.  Continue.

1              MS. SANCHEZ:  So without original jurisdiction,

2     obviously, as your Honor is aware, you may retain this case

3     under supplemental jurisdiction, 28 U.S.C. 1367.  And what

4     we did, we spent the majority of our time in our letter

5     laying out the reasons why given the Third Circuit and the

6     U.S. Supreme Court direction that federal courts should not

7     keep jurisdiction unless there is an affirmative reason

8     based on judicial economy, fairness and convenience when

9     the only thing that remains is state law claims.  We believe

10    that under those these standards, there is no reason for the

11    Court to retain jurisdiction of the state law claims.  And,

12              I can take you through each of those, if your

13    Honor wishes.

14              THE COURT:  Why don't you tell me this.  Have

15    you had a chance to read Intel's letter?

16              MS. SANCHEZ:  I have reviewed it, yes.

17              THE COURT:  So tell me what your understanding

18    is as to why Intel opposes what you are asking for and why

19    they're wrong.

20              MS. SANCHEZ:  Okay.  There are two things

21    basically:

22              One.  Intel spends time talking about Rule 41.

23    I don't think Rule 41 is applicable here at all because that

24    is basically a rule governing when you are trying to dismiss

25    an action without prejudice.

1           That is not what we're trying to do here.  We're

2   dismissing some of our claims with prejudice, and I'm not

3   sure that there is anything that really prohibits us from

4   doing so.  So as to Rule 41, I think it's just simply

5   inapplicable to the situation here.

6           The remaining part of Intel's motion, I've only

7   been able to read them once, but my understanding is they

8   believe that it's not efficient, fair or convenient to move

9   the case to anywhere else mostly because they feel that it

10  would be a do-over.  And,

11          In response to that, although we recognize

12  there has been discovery and work done in this case in this

13  court, all of that discovery and other work would be equally

14  applicable for any other court wherever you might file the

15  action.  So we don't see this would be a do-over and

16  prejudicial to Intel in that way.

17          On convenience, as we pointed out in our letter,

18  nobody is situated in Delaware, not the counsel, not the

19  clients, not the lawyers.  Most of the evidence is documentary,

20  there is depositions or documents, so there is no rationale

21  convenience-wise why the case must be retained in Delaware.

22  New York would be just as convenient given those specific

23  facts, in fact, more convenient since at least some of the

24  people are located here in New York.

25          THE COURT:  Are you prepared to say that you

1    would not seek any discovery if this case were restarted in

2    a New York state court?

3                    MS. SANCHEZ:  Yes.

4                    THE COURT:  Are you prepared to say that you

5    would ask for a trial as soon as the New York state court

6    could possibly get you in for trial?

7                    MS. SANCHEZ:  Yes.

8                    THE COURT:  Okay.  Go ahead, if there is anything

9    else you want to add.

10                    MS. SANCHEZ:  Well, I do want to add on the

11    fairness point.  Intel makes a few comments.  Give me one

12    second, your Honor.

13                    THE COURT:  Sure.

14                    MS. SANCHEZ:  A few points there.  I would just

15    like to reiterate that we think given the law in various

16    states where you have statutes called savings statutes

17    allowing parties to do exactly what we are doing here, where

18    you have commentary in many different forums, that parties

19    should be given the chance to have their case heard on the

20    merits.  That is all we're trying to do is have the case that

21    we originally filed, obviously without the federal claims,

22    being heard somewhere on the merits and, given that, there is

23    any fairness waived in the favor of New York having to seek

24    its day in court.

25                    THE COURT:  Do I have discretion under the

1    supplemental jurisdiction doctrine to reject your request

2    and order you to go forward, if you wish, with your state

3    court claims here in front of me in February?

4              MS. SANCHEZ:  Well, I think that your Honor

5    always has discretion under 1367.  That is clearly what

6    the Supreme Court says.  It's odd in a sense that usually

7    it's the plaintiff that is asking the judge to keep the

8    case in federal court.  This is opposite.  You always have

9    discretion, but I think that the discretion is limited in

10   the sense there has to be an affirmative reason based on

11   the judicial economy, convenience, and fairness and in a

12   weighing of those particular things.

13             So the way that I read the law is it says the

14   presumption is getting rid of this case is it has got state

15   law claims because there is no rationale for a federal court

16   to decide those claims unless there is an affirmative reason

17   under those three factors for the Court keeping the case.

18             I'd like to also point out that if the dismissal

19   of the federal claims in the current posture of the case

20   leaves, as far as a trial in February, only leaves trying of

21   the equitable relief, which would be to your Honor, and if

22   your Honor were to keep jurisdiction under 367, we would then

23   be seeking -- we would likely be filing a motion, I haven't

24   made any decisions on this, but for 54(b) for appealing the

25   other various decisions before we go to trial because it seems

1    a waste of judicial resources to go to trial on the injunctive

2    relief solely before your Honor and, if we were to prevail in

3    the Third Circuit, then to have to come back and do that in

4    front of a jury.

5                    THE COURT:  Right.  So I want to make sure I'm

6    clear on that.  If I say I'm not persuaded to do what New

7    York wants me to do at this point, then you're not, in that

8    circumstance, you're not moving to dismiss your remaining

9    federal claims.  Correct?

10                   MS. SANCHEZ:  No, no, no.  We're dismissing our

11   federal claims with prejudice.

12                   THE COURT:  You want me to dismiss your federal

13   claims with prejudice even if I'm not letting you go to New

14   York state court and I'm saying you've got to try your state

15   court claims here?

16                   MS. SANCHEZ:  Yes.

17                   THE COURT:  Then what is it that you just said

18   about equitable relief and you might take an appeal?

19                   MS. SANCHEZ:  Because --

20                   THE COURT:  Go ahead, please.

21                   MS. SANCHEZ:  I'm sorry to interrupt.

22                   Right now, with the federal claims gone -- let's

23   just assume they're gone.  The current posture of the case

24   is that the damages claims are -- there is nothing to try

25   because the combination of statute of limitations decision

1    and the way that our experts calculated the damages means

2    that there is no number to give to the jury.

3            We do have equitable claims under our state law

4    claims remaining that have not been dismissed.  Obviously,

5    equitable claims go to your Honor, not to the jury.  So the

6    current status without the federal claims is that there

7    could be a trial on the equitable claims.

8            If your Honor is retaining jurisdiction under

9    1367, I would seek to then appeal the statute of limitations

10   on the other motions.

11           THE COURT:  So you would seek to appeal the

12   statute of limitations ruling as they go to your state law

13   claims; correct?

14           MS. SANCHEZ:  Correct.

15           THE COURT:  So your request is that the federal

16   claims be done in this court and in the Third Circuit no

17   matter what; correct?

18           MS. SANCHEZ:  Correct.

19           THE COURT:  So if I were to require you to go

20   forward with a trial, what you are telling me is that trial

21   would only be on the state court equitable relief, which would

22   be a bench trial, and while you haven't decided, you might

23   actually ask me not to go ahead with that trial so that you

24   could take an appeal of the Court's ruling on statute of

25   limitations on the state law damages claims.

1           Do I have that correct?

2           MS. SANCHEZ:  That's correct.  In full

3  transparency, I would probably add appeal of the decision on

4  the 1367.

5           THE COURT:  Right.  Understood.  Is there

6  anything else you want to say before I hear from Intel?

7           MS. SANCHEZ:  I guess the only other thing I

8  would like to comment on is Intel, in its letter, talks a

9  lot about how New York is attempting to do an end run or

10 escape the effects of your Honor's rulings, and there is a

11 sense to it that we're doing something improper.  And,

12           I just want to point out that what we're doing

13 is, I'm trying to be as completely transparent as I can to

14 both your Honor and to Intel.  What we're proposing being

15 done is supported by various statutes and case law around

16 the country.  So I just want to be clear that what we are

17 proposing is proper.

18          THE COURT:  Let me ask you this:  What is your

19 estimate at the moment as to how long a trial you would

20 need if it's a bench trial just on your state law equitable

21 claims?  Have you thought about that, Ms. Sanchez?

22          MS. SANCHEZ:  It would be the same amount of

23 time because in order to prove, we would have to prove the

24 liability up.

25          THE COURT:  So 10 days, approximately?

```
 1                  MS. SANCHEZ:  Yes.

 2                  THE COURT:  All right.  Is there anything else,

 3    again, before I turn it over to them?

 4                  MS. SANCHEZ:  I'll reserve any further comments.

 5                  THE COURT:  That's fine.  Let me hear from

 6    Intel, please.

 7                  MR. VAN NEST:  Thank you, your Honor.  This is

 8    Bob Van Nest.

 9                  I apologize for the late delivery of the letter,

10    but this request is plainly improper.  I was quite surprised

11    to get it.  Rule 41(a)(1) applies whether you dismiss with or

12    without prejudice.  New York needs your Honor's permission,

13    and your Honor's permission would be based on "the terms the

14    Court considers proper."

15                  This is sort of a perfect example of why supple-

16    mental jurisdiction is appropriate and why 41(a) says your

17    Honor should exercise his discretion in connection with all

18    the factors that are relevant.

19                  One of the reasons for dismissal:  Would there

20    be excessive and duplicative litigation?  Would there be

21    delay?  Would there be additional expense?

22                  I mean we'll call a spade a spade.  We've been

23    litigating here for quite a long time.  Intel has spent a small

24    fortune doing it.  We've produced a mountain of discovery.

25    We've made substantive and procedural motions.  Your Honor has
```

1    ruled on those.  We're on the eve of either winning the case

2    on motions or winning it in a trial and now they want to try

3    it somewhere else.

4              It was less than two months ago, your Honor will

5    remember, you put point blank a question to counsel for New

6    York:  Why are you here?

7              They said three times in their opposition brief

8    to our statute motion they were here for efficiency reasons.

9    This was better than being in New York.  And,

10             You asked them point blank in the hearing:  Well,

11   what was it?  And,

12             They said we wanted to avoid a long process of

13   transfer.  We wanted to be here for trial, your Honor,

14   because we thought that would be efficient.  We are, of

15   course, aware of the federal law in the Third Circuit and

16   aware that this case was being handled by a judge here.

17             So those are the efficiency considerations.

18             I mean this letter is contradicted by everything

19   they told your Honor in the motion and everything that has

20   gone before for the past couple of years now.

21             So I guess our request would be that if your

22   Honor is even considering kicking this case to state court,

23   we would like an opportunity to brief it fully and lay the

24   case law out.  The Third Circuit makes very clear that in

25   these circumstances, unless there is a very good reason for

1    them to leave that your Honor should keep jurisdiction.

2              THE COURT:  Let me ask you this.  As you know, I

3    haven't read the letter.  If you were to be given leave to

4    fully brief the 1367 supplemental jurisdiction issue, what

5    does that do to our February trial date?

6              MR. VAN NEST:  I think it makes it difficult

7    unless your Honor were going to hear it on shortened time.

8    We would be prepared to get a brief in quickly.  I think

9    depending on the timing, your Honor, it could still be done

10   but we would have to have an expedited briefing schedule to

11   do it.

12             THE COURT:  So if I say to you I'm not prepared

13   to expedite that matter and allow you to have full briefing

14   but at the cost of at this point losing our February trial

15   date, is it your request that I strike that deal with you?

16             MR. VAN NEST:  I think it would be, your Honor,

17   because it's absolutely critical to us that your Honor

18   retain jurisdiction.  That is very important.

19             THE COURT:  Let's go through those factors

20   again.  Perhaps I can rule without the full briefing.  Help

21   me understand.

22             First off, you have won.  All that time, expense

23   and everything that you mentioned, that has led -- I'm not

24   talking necessarily about causation, but as you sit here,

25   subject to me entering an order that New York is begging me

1    to enter no matter what, you have won the federal case.

2    It's over, can't be appealed.  Correct?

3                 MR. VAN NEST:  That's what I heard on the phone

4    this morning.

5                 THE COURT:  So perhaps you have gained something

6    from all of your time and your efforts.  Let's talk about

7    where that leaves us on the state law claims.

8                 As I understand Ms. Sanchez, they are prepared

9    to file their remaining state law claims in state court very

10   quickly and to forego any additional discovery and to ask

11   for a trial date as soon as the state trial court could get

12   it.

13                If I put all of that in an order saying they're

14   obligated to do all those things that they represented they

15   would do, articulate for me what the prejudice is to Intel

16   at that point.

17                MR. VAN NEST:  Several things, your Honor.

18                No. 1.  The fact that we've won the federal

19   claims is certainly good and right, but the state claims are

20   essentially a duplicate of those.  In other words, they're

21   claiming the same harm.  They're claiming the same violation.

22   They're claiming the same damages and so on and so forth.  So

23   we're really not that far ahead of the game.

24                No. 2.  We've been in your Honor's court.  You

25   have been supervising the case.  We've got the case ready

1    for disposition soon.  I think we all know no matter what

2    happens, it's going to be six months to a year before we get

3    to trial in any state court anywhere, including New York,

4    no matter what.  We litigate, those of us on the phone, in

5    federal court and state court.  No state court is going to

6    take this and put us into trial anywhere near the date that

7    your Honor has, even if your Honor's date slips somewhat.

8    So that is No. 2.

9           No. 3.  Why should we have to start really

10   completely over with a new presiding officer when we have

11   invested all this time and money in this case, put it to

12   where it is and are ready to proceed to trial here in less

13   than 60 days?  That seems to me a classic case of prejudice.

14   Where we're within two months of being done with the case in

15   the District Court, to add another year of litigation which

16   we would surely have in Superior Court is the type of thing

17   that the Third Circuit has said counsels in favor of keeping

18   jurisdiction.  And,

19          I'm not sure to what extent your order, with

20   respect to discovery, would have to be honored by a state

21   court.  They would be filing a new complaint, starting a new

22   case, and so on and so forth.

23          THE COURT:  What --

24          MR. VAN NEST:  The other thing that is

25   prejudicial is, as your Honor noted, they chose Delaware

1     where we have the Delaware borrowing statute.  Obviously,

2     their goal is to undo that order.  They're going to go to

3     state court and ask for the New York statute to apply.

4     They're going to file a new damages report.  They're going

5     to try to get a broader statute, a broader damages report

6     and essentially start the case all over again.

7              So having come to Delaware and chosen it for

8     efficiency reasons and for reasons of, in their view, more

9     favorable law here, now that they've gotten on the eve of

10    trial and we have gotten a ruling on the statute, they want

11    to go to New York where the statute is longer, as your Honor

12    knows, and basically extend claims further than they are now.

13    That's also severely prejudicial.

14              THE COURT:  Would you have an argument in the

15    state court that that is somehow inequitable and shouldn't

16    be permitted?

17              MR. VAN NEST:  I might, your Honor.  I'm sure

18    that we would argue it.  Whether we would win it or not, I

19    don't know.

20              THE COURT:  What about the prospect of a 54(b)

21    appeal on the 1367 issue and perhaps other issues, if I were

22    to agree with you and keep the case here?

23              MR. VAN NEST:  I haven't thought much about

24    that, your Honor.  Given where we are in the case and this

25    close to the end, I frankly think it makes more sense to

1    finish everything and then take it all up, but I honestly

2    feel like I haven't evaluated that carefully enough.  I just

3    heard that discussion this morning, and I would like to give

4    that a little more thought.

5              I'm not saying that is unreasonable, but given

6    that we're near the case in the District Court, it might be

7    just as reasonable to proceed, finish it, and take it all

8    up.  But there, again, I'll keep an open mind on that.

9              THE COURT:  Is there anything else you want to

10   add, Mr. Van Nest?

11             MR. VAN NEST:  I don't think so, your Honor.

12             THE COURT:  Let me return to Ms. Sanchez and let

13   me ask you a couple things, and then I will, of course, let

14   you say whatever else you want to say.

15             If we were to permit you to do what you want

16   to do and go file in New York state court, in addition to

17   foregoing the opportunity for any discovery, are you willing

18   to forego the opportunity to file a new damages expert report

19   in New York state court?

20             MS. SANCHEZ:  I don't know where Intel gets

21   this.  Our damages report as filed covers all of our state

22   law claims.  We have no intention of filing another damages

23   report.

24             THE COURT:  So you would be willing to forego

25   any opportunity?

```
 1              MS. SANCHEZ:  Yes.

 2              THE COURT:  Correct?

 3              MS. SANCHEZ:  Yes.

 4              THE COURT:  What about this notion that you are

 5  going to try to seek the benefit of the longer statute of

 6  limitations?  Are you willing to live by this Court's ruling

 7  on the statute of limitations for your state law damages claim?

 8              MS. SANCHEZ:  No.  That is the whole purpose

 9  of the savings clause statutes in the various states is to

10  allow you to try your case under the statute of limitations

11  in the state of which you file your action.  The particular

12  savings clause in New York calculates the statute of

13  limitations based under New York law.

14              THE COURT:  Ms. Sanchez, your letter ends with a

15  references to you look forward to discussing our proposal and

16  current settlement prospects.  Again, I haven't read Intel's

17  letter.  Did they pick up on this idea of whatever it is you

18  wanted to talk about in terms of current settlement prospects?

19              MS. SANCHEZ:  They don't need to pick up on it,

20  your Honor, because Mr. Van Nest and I, we did discuss

21  before this call that we would tell your Honor that we have

22  been exchanging proposals.

23              THE COURT:  Okay.

24              MS. SANCHEZ:  We are negotiating.  One of our

25  proposals was to have another status conference with your
```

1   Honor, if you otherwise don't decide, to give an update on

2   settlement perhaps after the holidays.  So they are fully

3   aware.

4            THE COURT:  Is there anything else you want to

5   add in response to anything you heard, Ms. Sanchez?

6            MS. SANCHEZ:  I'll just make a few points.

7            Mr. Van Nest started by saying that we needed

8   your permission under Rule 41(a).

9            I just reiterate that we don't believe that that

10  is the case.  My understanding is that you can dismiss

11  claims.  People dismiss claims all the time as they approach

12  trial.  We're not using 41(a) and we're not trying to do

13  this without prejudice.

14           Another thing is that the idea that this case

15  would be done in a couple months I think is perhaps a bit

16  inaccurate.

17           First of all, to try the case at all, we would

18  need to have decisions on the various summary judgment motions.

19  Those are going to implicate.  For example, they'll implicate

20  the way you try the case, the evidence of the case.  If we

21  were still doing a jury trial, it would implicate the jury

22  instructions and so on and so forth.  And,

23           Of course, even if you kept everything and did

24  the case in the end, and then we appealed, obviously, that

25  is not an end in two months.

1               So I just wanted to make that point.  That is a

2      bit of an overstatement that even if your Honor kept the

3      case under 1367, we would not be done in a couple months.

4               Let's see.  Could you give me one minute, your

5      Honor?

6               THE COURT:  Certainly.

7               MS. SANCHEZ:  I guess the only other thing I would

8      say, your Honor, is that we would just want to emphasize that

9      your Honor's statute of limitations decision is in our view a

10     procedural one, not on the merits of the case.  Obviously, if

11     it was on the merits, it would be a different discussion, but

12     we think given that circumstance we should be permitted to try

13     our case to a judge in New York.

14              That's all I have.

15              THE COURT:  Thank you.  Mr. Van Nest, is there

16     anything you wanted to add?

17              MR. VAN NEST:  Yes.  The only thing I would add,

18     your Honor, is from Ms. Sanchez's comments, I take it that

19     they also do not plan to abide by your other summary judgment

20     rulings.  The non-state entities ruling concerning permission,

21     the treble damages ruling on the Donnelly Act.

22              I mean all these things, if their position is

23     they get to reopen the statute, I'm assuming they want to

24     reopen these, too, and there is further prejudice opening up

25     those areas which today are foreclosed now in this action.

1    That is completely unfair.  That is the kind of prejudice

2    to a defendant that the Third Circuit says requires you to

3    exercise discretion.

4              I don't think it matters whether Rule 41(a)

5    applies or 1367.  I mean your Honor has discretion to do

6    what is fair and right under all the circumstances whatever

7    rule you are applying, and what is right and fair under

8    these circumstances is to retain the case here in Delaware

9    where we've been litigating now for a couple of years.

10             THE COURT:  All right.  Thank you.

11             Ms. Sanchez, why don't you go ahead and respond

12   to that.  I would like to understand if there are any other

13   rulings that this Court has issued that you think you would

14   not be bound by if you were permitted to re-file in New York

15   state court.

16             MS. SANCHEZ:  To be frank, your Honor, I have

17   not researched the claim preclusion issues under 342(b).

18   That hasn't been my focus but I would assume that would be

19   governed by law in claim preclusion.

20             THE COURT:  You are certainly not prepared today

21   to say that you are not going to ask the New York court to

22   allow you to recover things that you recognize you could not

23   recover here if the case proceeds here; right?

24             MS. SANCHEZ:  I just haven't researched that.

25   That's not to say I wouldn't be prepared, if I had the

```
 1    opportunity to research them.  I would follow whatever the

 2    law is.  I mean I just haven't researched them, so I'm not

 3    prepared to give on that today.

 4              THE COURT:  That is something I guess that could

 5    come out if I impose a schedule where you all fully briefed

 6    1367; right?

 7              MS. SANCHEZ:  Perhaps, yes.

 8              THE COURT:  All right.  Is there anything else

 9    you want to say, Ms. Sanchez?

10              MS. SANCHEZ:  No.

11              THE COURT:  Well, I'm not in a position to give

12    you all a determination as to precisely how we're going to

13    proceed or if we're proceeding here.  I think I understand

14    what the issues are in dispute and what I need to decide.

15              I'm going to obviously take a close look at the

16    letter filed this morning by Intel, and I will get back to

17    you as soon as I can.  I'm afraid I can't do anything better

18    than that at this point.

19              Is there anything else we should discuss at this

20    time, Ms. Sanchez?

21              MS. SANCHEZ:  Just going forward, your Honor,

22    obviously either way this goes, if you do not retain

23    jurisdiction, there is nothing left to do in this particular

24    court.

25              If you do retain jurisdiction, we have a very
```

```
 1    different trial; and, meanwhile, I have to make a pitch

 2    for my people.  I was always taught that people should be

 3    allowed to enjoy their vacations and holidays, so I'm trying

 4    to get us in a position where we do not have to be working

 5    over the holidays, so I'd like to put forward any dates for

 6    responding to anything or filing further pretrial proceedings

 7    until we know where we're going.

 8              THE COURT:  All right.  Mr. Van Nest, do you

 9    oppose that?

10              MR. VAN NEST:  We certainly don't join it, your

11    Honor.  I think our posture is we'll abide by whatever your

12    Honor thinks is prudent under the circumstances but we're

13    certainly not joining in Ms. Sanchez's request.

14              THE COURT:  All right.  Well, again, I'm not

15    going to rule on anything right now.  I haven't read Intel's

16    letter.  I'm going to get off the call and I'm going to read

17    Intel's letter.  And,

18              I'm going to aim to have you hear something

19    from me as soon as I possibly can.  At this point, I'm not

20    changing any dates, I'm not doing anything, but you will

21    hear from me as soon as I'm in a position for you to hear

22    something.

23              Is there anything else, Ms. Sanchez?

24              MS. SANCHEZ:  That's all.  Have a Merry

25    Christmas or Happy Holiday, whatever counts for your Honor.
```

1          THE COURT:  Yes.

2          MR. PICKETT:  Your Honor, this is Donn Pickett.

3   There is one thing I should note for the record.

4          THE COURT:  Yes.

5          MR. PICKETT:  That is, that we deferred the

6   hearing on our motion for a 30(b)(6) deposition on New

7   York's document retention.

8          Given the current posture, it seems to me to

9   make sense to defer that argument again, awaiting the

10  procedures your Honor decides should prevail.

11         THE COURT:  Yes, I agree with that.  I'm not

12  going to get into the 30(b)(6) now.

13         Is there anything further from anybody on the

14  Intel side?

15         MR. VAN NEST:  No, your Honor.  Thank you.

16         THE COURT:  Happy Holidays to everyone.  Good-bye.

17         (Telephone conference ends at 1:38 p.m.)

18

19      I hereby certify the foregoing is a true and accurate
     transcript from my stenographic notes in the proceeding.

20

21                         /s/ Brian P. Gaffigan
                         Official Court Reporter
22                         U.S. District Court

23

24

25